**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JILL COIT,

    Plaintiff - Appellant,

v.

ANDRE STANCIL; RYAN LONG;
CAPTAIN CERBO; LT. RAY; JANET
SMITH; A. JACOBSON-SANCHEZ;
ERIC JACOBI; CAPTAIN JOHN SMITH;
HSA NICOLE PRICE; N.P. DEB
REILLY; JANE AND JOHN DOES,

    Defendants - Appellees.

No. 25-1048
(D.C. No. 1:23-CV-02835-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **EID**, and **ROSSMAN**, Circuit Judges.

_____

Jill Coit, a state prisoner at the Denver Women's Correctional Facility

(DWCF) in Colorado, proceeding pro se,[1] appeals the district court's dismissal,

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Coit proceeds pro se, we construe her arguments liberally, but we "cannot take on the responsibility of serving as [her] attorney in constructing

pursuant to 28 U.S.C. § 1915(e)(2)(B), of her fourth amended complaint, asserting

42 U.S.C. § 1983 claims and seeking money damages against various prison officials

in their official capacities.  We exercise jurisdiction under 28 U.S.C. § 1291 and

affirm.

# I

Ms. Coit filed a pro se prisoner complaint alleging DWCF guard Sergeant

Joshua Lang sexually assaulted her on October 31, 2021 and subsequently died by

suicide.  She also alleged prison staff covered up the assault, impaired her ability to

hold Sgt. Lang responsible, or retaliated against her for reporting it.  She also alleged

prison staff denied her access to dental care, treatment for medical conditions, and

religious materials.  She filed the complaint seeking leave to proceed in forma

pauperis (IFP), which the district court granted.  She filed an amended complaint

shortly thereafter.

Screening the amended complaint pursuant to 28 U.S.C. §§ 1915, 1915A, and

42 U.S.C. § 1997e(c), the magistrate judge identified several deficiencies, including

that the defendants had Eleventh Amendment immunity from the official-capacity

claims and that the amended complaint as a whole failed to comply with Fed. R. Civ.

P. 8.  Accordingly, the magistrate judge ordered Ms. Coit to file a second amended

complaint.  Ms. Coit filed a second amended complaint, but the magistrate judge

identified similar deficiencies in it and therefore ordered Ms. Coit to file a third.  The

---

arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

order requiring a third amended complaint specified that Ms. Coit "must submit a single, fully completed third amended Prisoner Complaint on the court-approved form as one document that contains all claims and allegations." R. at 135.

Ms. Coit thereafter filed a third and then a fourth amended complaint. The fourth amended complaint did not name Sgt. Lang as a defendant. The magistrate judge recommended dismissal of the fourth amended complaint, which it termed "the operative pleading," R. at 200. Ms. Coit timely objected to the recommendation. Before the district court ruled on her objections, Ms. Coit filed a proposed fifth amended complaint, which, unlike the fourth, did include "Josh Lang (deceased)" as a defendant. *Id.* at 417.

The district court reviewed the recommendation de novo, overruled Ms. Coit's objections, and dismissed the claims in the fourth amended complaint without prejudice under § 1915(e)(2)(B) because the Eleventh Amendment barred all claims for monetary relief against official-capacity defendants and because the allegations did not comply with Rule 8. The court also concluded the proposed amendments in Ms. Coit's fifth amended complaint were futile because the allegations therein also "fail[ed] to comply with Rule 8." R. at 615. This timely appeal followed.

**II**

"We review de novo the district court's decision to dismiss an IFP complaint under [§ 1915(e)(2)(B)] for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In so doing, "[w]e apply the same standard of review . . . that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss." *Id.*

3

Under that standard, "we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (internal quotation marks omitted). "[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a § 1983 claim against prison officials "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Ms. Coit presents seven issues on appeal, but her arguments are unavailing.

*First*, she argues she plausibly pled "that she has a colorable claim under color of law for being raped by [Sgt.] Lang; [and that] claim should be allowed even if [this] court denies all other claims, [because] Rule 8 was followed for [the] Rape claim." Aplt. Br. at 14. But the district court's dismissal did not speak to any potential claim she may have against Sgt. Lang because her fourth amended complaint did not list him as a defendant. *See* R. at 173–74, 191.[2]

*Second*, Ms. Coit suggest the district court ought to have construed allegations in her first complaint as incorporated by reference in her fourth amended complaint.

---

[2] Coit does not challenge the conclusions of the district court regarding her proposed fifth amended complaint, so, like the magistrate judge and district court, we consider the fourth amended complaint as the "operative" one. *See* R. at 200.

*See* Aplt. Br. at 14–15. But the magistrate judge's order to amend made clear the operative complaint must "contain[] all claims and allegations," R. at 135. And it alerted Ms. Coit of what might happen if she failed to comply. *See* R. at 92 ("[Ms. Coit] is also advised that the Court is not required to sort through multiple pleadings to ascertain her claims or compile the required information from multiple documents."); *see also Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) ("Judges are not like pigs, hunting for truffles buried in briefs." (internal quotation marks omitted)). Under the circumstances, the magistrate judge was under no obligation to salvage claims on Ms. Coit's behalf.

As to her *third*, *fourth*, and *fifth* issues, Ms. Coit reiterates certain factual allegations relevant to claims in her fourth amended complaint, including an alleged breach of contract, violation of the Americans with Disabilities Act and the Rehabilitation Act, breach of her constitutional right to medical care for serious medical needs, and breach of her First Amendment rights to religious freedom. *See* Aplt. Br. at 15–19 (third issue); *id.* at 19–22 (fourth issue); *id.* at 22 (fifth issue). But her arguments in no way address the Eleventh Amendment immunity the district court identified as a fatal obstacle to all such claims. Ms. Coit's failure to address the district court's conclusions regarding Eleventh Amendment immunity is, alone, sufficient grounds to affirm the judgment of the district court. *See Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020) ("If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling.").

*Sixth*, Ms. Coit appears to urge reversal because, as she argues, some defendants breached the terms of a consent decree in another case, which she refers to as the "Mackes Settlement Agreement." *Id.* at 22–23. Again, though, she fails to identify any allegations in the fourth amended complaint giving rise to a separate cause of action against the defendants based on this alleged breach. The record also indicates Ms. Coit moved to withdraw "all Mackes claims including Consent Decree claims." R. at 368 (boldface omitted). The magistrate judge denied the motion to withdraw "as unnecessary," R. at 427, after recommending dismissal of all claims in the fourth amended complaint. We cannot fault the district court for failing to recognize a claim Ms. Coit expressly indicated she was no longer pursuing.

*Seventh*, and finally, Ms. Coit argues broadly that the court's dismissal of her claims was fundamentally unfair to her as a pro se litigant with significant disabilities. We are sympathetic to Ms. Coit's circumstances. But "[p]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (italics and internal quotation marks omitted). The magistrate judge afforded Ms. Coit multiple opportunities to submit a complaint that complied with Rule 8, and the district court did not err when it concluded her fourth amended complaint failed to do so.

## III

We affirm the district court's judgment. We deny as moot Ms. Coit's "motion to determine correct case number" and her request for a telephonic hearing. We deny

6

as moot Ms. Coit's "motion to allow appellant to have friend send this court the $3.00 monthly filing fee."  We grant Ms. Coit's motion to proceed without prepayment of costs and fees.  Ms. Coit is obligated to continue making partial payments until the entire fee has been paid.  *See* § 1915(b)(1)–(2).

Entered for the Court

Veronica S. Rossman
Circuit Judge